KERRY W. KIRCHER
GENERAL COUNSEL

WILLIAM PITTARD
DEPUTY GENERAL COUNSEL

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL
219 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

TODD B. TATELMAN
SENIOR ASSISTANT COUNSEL

ELENI M. ROUMEL
ASSISTANT COUNSEL

ISAAC B. ROSENBERG
ASSISTANT COUNSEL

KIMBERLY HAMM
ASSISTANT COUNSEL

SARAH E. CLOUSE
STAFF ATTORNEY

June 17, 2015

**BY ELECTRONIC MAIL ONLY**

Timothy A. Bass, Assistant U.S. Attorney
Office of the U.S. Attorney for the Central District of Illinois
318 South 6th Street
Springfield, IL  62701-1806
(Tim.Bass@usdoj.gov)

George J. Terwilliger III, Esq.
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C.  20006-1040
(GTerwilliger@mcguirewoods.com)

    Re:    Former Congressman Aaron Schock

Dear Tim and George:

    I write to make you aware that two electronic devices paid for with Member's Representational Allowance ("MRA") funds during Congressman Schock's tenure in office – one Apple iPad and one Apple iMac – are missing.

    1. **The Apple iPad**.  According to House records, (i) on October 5, 2010, then Congressman Schock's deputy chief of staff Pamela Mattox purchased an Apple iPad (serial no. V5039VAKETV) using an Aaron Schock credit card (on which credit card account Ms. Mattox's name also was listed); (ii) in or about January 2012, the then Congressman was reimbursed with MRA funds for this purchase; (iii) the iPad originally was recorded on the House's inventory of equipment for Congressman Schock's Washington, D.C. congressional office; and (iv) it appears that the device subsequently was transferred to the Peoria district office.

    On April 1, 2015, immediately after Congressman Schock resigned and the Clerk assumed responsibility for running the Office of the 18th Congressional District of Illinois, the General Services Administration ("GSA") checked the House's inventory of electronic equipment and other items of tangible personal property in the three district offices.  The iPad was marked as missing on the inventory completed by GSA which suggests, logically, that the iPad went missing at some time before April 1, 2015.

    The Clerk questioned Bryan Rudolph and Dayne LaHood about the iPad, but neither was able to shed any light on how the iPad went missing or when.

Timothy A. Bass, Assistant U.S. Attorney
George J. Terwilliger III, Esq.
June 17, 2015
Page 2

2. **The Apple iMac.** According to House records, (i) on April 9, 2010, then Congressman Schock purchased an Apple iMac (serial no. W8008GV25PC) using the same credit card subsequently was used to purchase the iPad; (ii) in or about January 2012, the then Congressman was reimbursed with MRA funds for this purchase; and (iii) the iMac was recorded on the House's inventory of equipment for Congressman Schock's Peoria district office.

The iMac does appear on the April 1, 2015 inventory completed by GSA which suggests, logically, that the iMac was present in the Peoria district office on April 1, 2015.

The Clerk questioned Messrs. Rudolph and LaHood about the iMac. While neither was able to shed any light on the iMac's whereabouts, both indicated that there was no iMac in the Peoria district office on April 1, 2015, and that GSA likely mistook a MacPro that was in the Peoria district office on April 1, 2015, for the iMac.

According to Mr. LaHood, the MacPro – which is not recorded on the House inventory – was used by Jonathon Link for campaign purposes but also, possibly, for some official purposes. Mr. LaHood also reported that (i) he conferred with former Congressman Schock in mid-April 2015, regarding the MacPro; (ii) the former Congressman advised Mr. LaHood to remove the MacPro from the district office; and (iii) Mr. LaHood then removed the MacPro to his (Mr. LaHood's) home where, we understand, it remains at the present time.

We do not have any information about official documents or communications stored on the MacPro (if indeed there are any) and, accordingly, we have no opinion at this time on whether the Speech or Debate Clause would apply to any documents or communications on the MacPro.

Thank you for your attention.

Sincerely,

Kerry W. Kircher

cc:     The Honorable Karen L. Haas