UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

IN RE SPRINGFIELD GRAND JURY    )
                                )
                                )    Misc. 15-mc-3005
                                )
                                )
                                )

**GOVERNMENT'S RESPONSE TO SCHOCK'S REQUEST TO SUBMIT
*EX PARTE* ARGUMENT TO THE COURT**

The United States of America, by its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, respectfully submits its response to Schock's request to submit an *ex parte* argument to the Court. The government states the following:

1.   Following the filing of the government's supplemental response to Schock's notice of compliance with subpoena, which set forth the law applicable to whether there has been a valid showing of an attorney-client or work-product privilege, Schock filed a notice of compliance with this Court's directive that he submit the alleged non-responsive and privileged documents directly to the Court for this Court's review. In addition, Schock now requests that this Court allow him to make "an *ex parte* submission [no doubt an argument] as well that discusses the specific basis for the privilege determinations" because, Schock further argues, it "will be of substantial assistance to the Court for its evaluation of the submitted documents." This unsupported and inappropriate request to submit an *ex parte* and self-serving *argument* [rather than *evidence*] to the Court should be denied.

2.   *Ex parte* submissions to the Court are generally "disfavored," particularly if they result in a party "gain[ing] a procedural, substantive, or tactical advantage[.]" *Trumbull v. SCI Illinois Services, Inc.*, 575 Fed.Appx. 683, 685 (7th Cir. 2014); *see also Sonnleitner v. York,* 304 F.3d 704, 715 (7th Cir. 2002); *United States v. Napue*, 1311, 1316 (7th Cir. 1987). They are "the exception rather than the rule." *United States v. Boender*, 649 F.3d 650, 657 (7th Cir. 2011).

3.   In this case, Schock requests that this Court allow him "to make an *ex parte* submission [i.e. argument] as well that discusses the specific basis for the privilege determinations." (Schock Not. at 2) He alleges that "We" [meaning Schock and his counsel] "have concluded" on behalf of the Court that such an "*ex parte* submission will be of substantial assistance to the Court for its evaluation of the submitted documents." (*Id.*) Schock further asserts that he needs "to discuss" [again argue] "details in a document itself, connections between documents, and the context surrounding a document." (*Id.*) Finally, he alleges that because he needs to discuss the details of allegedly privileged documents, not only those details but his entire submission or argument should be submitted to the Court *ex parte*.

4.   Schock's request is nothing more than inappropriate and self-serving attempt to submit a one-sided argument outside of the adversarial process to the Court *ex parte*. While it may be appropriate in some circumstances to present *evidence* or *facts* to the Court *ex parte*, such as the government's previous request to submit grand jury evidence [not argument] to the Court, *United States v. R. Enterprises, Inc.*, 498 U.S. 292,

2

297, 302 (1991), to which Schock objected, or testimony, *see Bender*, 649 F.3d at 656, or, as in this case, allegedly privileged documents, Schock provides no authority (and the government is aware of no authority] in support of a request to submit an *ex parte* "argument." Moreover, the determination whether the documents, which are properly submitted *ex parte*, are privileged is appropriately made based on the documents themselves and the applicable law and not on Schock's one-sided discussion or argument about them. Accordingly, Schock's request to submit an *ex parte* argument to the Court outside of the adversarial process should be denied.

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

BY:   s/Timothy A. Bass
TIMOTHY A. BASS, Bar No. MO 45344
Assistant United States Attorney
318 S. Sixth Street
Springfield, Illinois 62701
Phone:   217/492-4450
Fax: 217/492-4512
tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Counsel of record

                        s/Timothy A. Bass
                        TIMOTHY A. BASS, Bar No. MO 45344
                        Assistant United States Attorney
                        318 S. Sixth Street
                        Springfield, Illinois 62701
                        Phone:   217/492-4450
                        Fax: 217/492-4512
                        tim.bass@usdoj.gov