# POLITICO

March 17, 2016

Hon. Sue E. Myerscough
United States District Judge
151 U.S. Courthouse
600 E. Monroe Street
Springfield, IL 62701

<u>Via Federal Express</u>

<u>Re: In re Springfield Grand Jury, Docket No. 15-mc-3005</u>

Dear Judge Myerscough:

We write to respectfully request that the court make publicly available, in redacted form if necessary, a series of filings and orders issued in recent weeks in the above-captioned case.

It is evident from the public docket in this matter that about two dozen filings and orders have been made under seal in this matter since early February. Many of the filings appear to relate to a dispute between the United States Attorney's office and the House of Representatives.

We believe there is significant public interest in the legal and policy issues implicated by such a dispute and that greater disclosure of the related records is possible without running afoul of the court rules regarding grand jury secrecy.

Those rules do not preclude disclosure of all records relating in any way to a grand jury investigation, but only "to the extent and for such time as necessary to prevent disclosure of matters occurring before a grand jury." F. R. Crim. P. 6(e)(6).

As the Court is well aware, a variety of pleadings and orders have previously been released detailing the work of the grand jury as a result of the show cause proceeding involving former Congressman Aaron Schock begun last year.

It is also public that various parties represented by the General Counsel of the House of Representatives filed a motion in November seeking to delay compliance with grand jury subpoenas. (Docket entry No. 104.) A subsequent text order from the court, issued on Nov. 20, 2015, says that those litigants "den[ied] that the pleadings revealed any matter occurring before the grand jury."

Hon. Sue E. Myerscough, United States District Judge
March 17, 2016
Page 2

In at least once instance, attorneys for the House filed on the public record a copy of a grand jury subpoena served on the House Clerk, including the rider detailing the specific records sought. (Docket entry No. 110, Ex. A)

The government appears to have objected at one juncture (*Id.*) to disclosure of a House motion, but later filed status reports on the public record noting that it had subpoenaed the House and was in discussions with that body about a response. (Docket entry Nos. 114, 115) It is unclear whether or to what degree the government persists in any objection to placing filings or opinions on the public record.

In addition to the court filings, the service of a subpoena on the House of Representatives, its staff or committees triggers a public filing under House rules. Several such notices have been published in apparent connection with matters before this Court. See, e.g., 142 Cong. Rec. H5785, 142 Cong. Rec. H9018.

In light of these prior public disclosures, we believe some additional portion of the subsequent court filings, orders and opinions could be made public without causing "disclosure of matters occurring before [the] grand jury." A matter cannot be disclosed or revealed if it has already been made public.

While we are obviously not privy to the details of the recent court filings, it appears likely they relate to a Constitutional dispute between the House and the United States Attorney over privilege issues.

As your honor is clearly aware from the Court's February 12 opinion, in grand jury-related matters, numerous courts have published opinions addressing the legal issues involved while in some instances putting specific facts aside where there is a valid and viable interest in preserving secrecy. See, e.g., In re Subpoenaed Grand Jury Witness, 171 F.3d 511 (1990); U.S. v. Calandra, 414 U.S. 338 (1974).

Finally, we would note that this is not a garden-variety dispute, but one involving two (and arguably three) independent branches of government.

Courts have recognized an unusual degree of public interest in grand jury-related matters that implicate separation-of-powers issues and the prerogatives of the branches of government. See, e.g., In re Motions of Dow Jones & Co. Inc., 142 F. 3d 496 (D.C. Cir. 1998) ("There can be no doubt that assertions of executive privilege are rightly matters of intense public interest.")

In view of the history of this matter and the heightened public interest in the issues before the Court, we ask that the Court release the pleadings, orders and opinions in this matter to the maximum extent possible consistent with its other obligations.

Hon. Sue E. Myerscough, United States District Judge
March 17, 2016
Page 3


Many thanks for your consideration of this request.

Sincerely,

Josh Gerstein       Anna Palmer (JG)    Jake Sherman (JG)    John Bresnahan (JG)

Reporters
POLITICO

cc:     Mr. Timothy Bass, Esq, Assistant United States Attorney (via e-mail)
        Mr. Kerry Kircher, Esq., General Counsel, U.S. House of Representatives (via e-mail)
        Mr. George Terwillinger, Esq. (via e-mail)